## MORTON v BEERY et

Ohio Appeals, 9th Dist, Summit Co

No 2198.   Decided Nov 27, 1933

Foust & Holden, Akron, for plaintiff in error.

Clyde F. Beery, Akron, Donald Gottwald, Akron, Cyril T. Moore, Akron, Carl M. Myers, Akron, Myer Wise, Akron, Clarence W. May, Akron, and N. M. Greenberger, Akron, for defendants in error.

## OPINION

By STEVENS, J.

It is herein sought to set aside said last order, for the following reasons: first, that there was no **action** pending before the court which gave it jurisdiction to make the order therein made; and second, that the order of the court was against the weight of the evidence.

It is urged by counsel for plaintiff in error that the only powers which courts possess are such as are derived from **Article IV, §§1 and 4, of the Ohio Constitution,** and the statutes of the state passed in pursuance thereof; that §11238, **GC,** provides that there shall be but one form of action in Ohio, known as a civil action, and that the term "civil action" includes all actions at law and suits in equity; that there must be parties plaintiff and parties defendant (§11239, **GC**) and the action must be com-

menced by filing a praecipe and causing summons to be issued (§§11279 and 11280, GC); and that there must be rule days, as provided in §11346, GC.

It is doubtless true that all of the above contentions are correct with reference to the filing and maintenance of a "civil action," but there are certain other proceedings cognizable by the courts which do not strictly or properly fall within the category of civil actions. Such proceedings are denominated "special proceedings," and it is the opinion of this court that the proceeding in the instant case falls within this classification.

"The codes do not in express terms define a special proceeding, but merely divide remedies into actions and special proceedings, defining an action, and then providing that every other remedy is a special proceeding. The phrase 'special proceeding' is therefore a generic term for all civil remedies in courts of justice which are not ordinary actions."

1 C.J., "Actions," §36, p. 944.

"* * * The codes and statutes usually define an action in express terms, and then provide merely that every other remedy is a special proceeding, without in express terms either defining a special proceeding, or otherwise distinguishing it from an action; so that the question as to whether a particular proceeding is an action or a special proceeding depends primarily upon whether or not it comes within the definition of an action. The definitions of an action usually speak of it as an 'ordinary' proceeding, and it is upon the meaning and application of this term that the distinction between actions and special proceedings is ordinarily based. It may accordingly be stated generally that actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity, and that special proceedings include those proceedings which are not ordinary in this sense, but are instituted and prosecuted according to some special mode, as in the case of proceedings commenced without a summons, and prosecuted without regular pleadings, which are characteristic of ordinary actions. In other words, if a proceeding is a remedy, and is not an ordinary action, it must be a special proceeding; but as it is remedies that are divided into actions and special proceedings, a special proceeding, like an action, must be a proceeding for the enforcement of a right, or the redress of a wrong. A special proceeding must therefore be in the nature of a distinct and independent proceeding for particular relief, such as may be instituted independently of a pending action, and in this regard is to be distinguished from various provisional remedies and proceedings taken in and incidental to some other action or proceeding; but on the other hand, a proceeding may be a special proceeding, although it grows out of a pending action, and is entitled in such action."

Ibid., §135, pp. 1010-1012.

1 Encyc. Pleading & Practice, p. 112, defines a "special proceeding" as follows:

"The term 'special proceedings' is used in the codes of practice of many of the states, in contradistinction to 'action.' It may be said generally that any proceeding in a court which was not, under the common law and equity practice, either an action at law or a suit in chancery, is a special proceeding."

This definition was approved by the Supreme Court of Ohio in the case of **Canfield v Brobst, 71 Oh St 42, at p. 48,** and by the Supreme Court of California in the case of In the matter of the organization and of the bonds of the Central Irrigation District, 117 Cal. 382, second paragraph of the syllabus, and was quoted with approval on page 387 of the opinion in the latter case.

"Certain inherent powers exist in established courts, independent of any express grant. It has been said that when the inherent powers of a court of general jurisdiction are only in part defined by statute, they are not thereby impaired; when such a court limits its action by the statutory definition or description, the limitation usually ought to be regarded as an exercise of discretion, rather than as the observance of a statutory and impassable barrier. Every court has inherent power to do all things which are reasonably necessary for the administration of justice within the scope of its jurisdiction."

11 O. Jur., 66 "Courts," §9, pp. 643-644, (Citing **State v Townley, 67 Oh St 21).**

If there were statutory authority for such a proceeding as was adopted in this case, it would, of course, under the foregoing authorities, be a special proceeding; we do

not find any such statute, but it seems to us that when the court is exercising its inherent powers in a manner not defined or provided for by a general or special statute, the proceeding is a special proceeding.

It is apparent that the application filed in the first instance invoked the exercise of the inherent powers of the court, and we hold that what was subsequently done constituted a special proceeding; and we are inclined to the opinion that the notice served on the plaintiff in error should be considered merely as a part of such special proceedings, and that the court had jurisdiction of the subject-matter—that is, the inquiry as to whether the plaintiff in error was engaged in the unauthorized practice of the law—that being a power, the exercise of which was reasonably necessary in the due administration of justice.

The procedure, so far as obtaining jurisdiction of the person of the plaintiff in error is concerned, was substantially the same as it would have been if a civil action for injunction had been brought against him.

It seems difficult to find cases involving the exact question here presented, but on the whole, we are inclined to uphold the procedure in this case on the ground that it was a special proceeding, in which ample provision was made for the trial of the contestation before a court of competent jurisdiction; for bringing the party against whom the proceeding was had before the court, and notifying him of the case he was required to meet; for giving him an opportunity to be heard in his defense; for the deliberation and judgment of the court; and for an appeal from this judgment to the highest court of the state and for hearing and judgment there.

But if we are mistaken in this conclusion, we are clearly of the opinion that the plaintiff in error, Morton, waived any right to raise procedural objections by reason of his failure to make such objections in a timely manner.

The second assignment of error, namely, that the judgment is against the weight of the evidence, is not sustained by the record, in the opinion of this court.

The judgment of the lower court will therefore be affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.